UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BARRY JONES, ) | |
| ) | |
| *Petitioner*, ) | Case Nos.    1:12-cr-140-CLC-SKL |
| ) | 1:15-cv-08-CLC |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |
| ) | |

## **MEMORANDUM OPINION**

On January 9, 2015, Petitioner Barry[1] Jones ("Petitioner"), a federal prisoner, filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") on the alleged grounds that his attorney was constitutionally ineffective by failing to timely file a motion for an independent drug analysis and failing to engage a "drug expert" on Petitioner's behalf; failing to timely file motions to compel and suppress pertaining to the traffic stop in question, and failing to assert eligibility for a reduced sentence pursuant to a retroactive application of Amendment 782[2] [Docs. 91, Page ID # 329-331. Doc. 92]. Respondent United States of America filed a response in opposition to the 2255 Motion [Doc. 100] contending all of Petitioner's claims of ineffective assistance of counsel were meritless and, further, that Petitioner's

---

[1] All citations to the district court record are to the docket of the underlying criminal case. Petitioner lists his first name in the motion and memorandum [Docs. 91 and 92] as "Barey" rather than "Barry" as listed on the docket, Indictment, and Judgment in this matter.

[2] Petitioner filed a separate motion requesting reduction pursuant to 18 U.S.C. § 3582 and retroactive application of Amendment 782 [Doc. 88]. Federal Defender Services was appointed to represent Petitioner and filed a supplemental motion for resentencing pursuant 18 U.S.C. § 3582, Sentencing Guidelines Amendments 782 and 788 [Doc. 105], which resulted in a sentence reduction [Doc. 111].

claim regarding eligibility for a reduced sentence pursuant to Amendment 782 was barred as the requested reduction was pending before the Court in another motion at the time of the government's response [Doc. 100, Page ID # 4-12-13, 427-28].

For the reasons that follow, the Court finds an evidentiary hearing on the 2255 Motion is not necessary, and the 2255 Motion shall be **DENIED**. Petitioner's motion for appointed counsel shall also be **DENIED**.

## I. STANDARD OF REVIEW

### A. Threshold Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims the sentence was imposed in violation of the Constitution or laws of the United States; the court lacked jurisdiction to impose the sentence; or the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255 a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude that had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8(a) requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

**B.  Standard for Ineffective Assistance of Counsel**

Petitioner raises several ineffective assistance of counsel issues. Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). That test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that

his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

Additionally, in *Blackledge v. Allison,* the Supreme Court explained the importance and weight of representations made during the plea hearing, stating:

> For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

431 U.S. 63, 73-74 (1977). Absent clear and convincing evidence to the contrary, a defendant is bound by his plea agreement and representations made under oath during a plea colloquy. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.") (internal quotation marks and citations omitted).

## II. BACKGROUND

Pursuant to a late-filed amended plea agreement, Petitioner pleaded guilty to, and was convicted of, possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 [Doc. 79]. In his plea agreement, Petitioner agreed that

> On August 28, 2012, Chattanooga Police Sargent [sic] Jason Lewis saw a white Camry speeding (63 in 55 mph zone) on I-24W in Chattanooga, Tennessee. Sgt Lewis stopped the vehicle and, when he approached the driver, Barey Jones, and passenger Jimmie Walker, he noticed three cell phones in the console with a bottle of

5

> Visine. Jones handed Sgt Lewis three pieces of paper in lieu of a driver's license. The paperwork indicated that Jones had a restricted driver's permit from Illinois and could only drive for work related business. Sgt. Lewis asked Jones and Walker about their travel plans and received inconsistent answers.
>
> Sgt Lewis asked Jones for consent to search the car. Jones asked if he could refuse and Sgt Lewis told him that he could. Sgt Lewis then turned to the K-9 handler (who had been called earlier) and asked him to run a sweep of the car. The K-9 Wren alerted to the presence of the odor of narcotics. Sgt Lewis began to search the car and found under the spare tire cover a plastic bag with 12 one-ounce packages of cocaine. Both men were arrested and placed in the back of the patrol car. The TBI lab tested the substance and found it to be 335 grams of cocaine.
>
> Most of the above-described events took place in the Eastern District of Tennessee.
>
> The defendant admits that he possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine within the Eastern District of Tennessee.

[Doc. 61 at Page ID # 161-62]. The Court held a change of plea hearing during which Petitioner made the same admissions [Doc. 60].

Based on his admissions when pleading guilty, Petitioner was found to be responsible for 335 grams of cocaine, for a base offense level of 22 [Presentence Investigation Report ("PSR") at ¶¶ 7, 14]. After a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 19 [*Id.* at ¶¶ 21-23]. Given his criminal history category of VI, the resulting advisory guidelines range was 63 to 78 months' imprisonment [*Id.* at ¶¶ 42, 60]. After the Court denied Petitioner's request for a downward departure and/or a variance, Petitioner was sentenced to 63 months' imprisonment, within and at the bottom of that guidelines range [Doc. 79]. Pursuant to Amendment 782, Petitioner's drug quantity yielded a base offense level of 20, a total offense level of 17, and an amended guidelines range of 51 to 63 months' imprisonment [Doc. 112]. As a result, the amended guideline range was lower than the previously-applicable guideline range, making

Petitioner eligible for a sentence reduction, which he received [Doc. 111]. After he received a sentence reduction, Petitioner's custodial sentence was completed and he began serving a three-year term of supervised release on January 13, 2017.[3]

### III. ANALYSIS

#### A. Motion to Appoint Counsel

The constitutional right to counsel in criminal prosecutions provided by the Sixth Amendment does not apply to habeas proceedings, such as a § 2255 motion to vacate. *Wright v. West*, 505 U.S. 277, 293 (1992) (explaining that there is no constitutional right to counsel on habeas); *Barker v. Ohio*, 330 F.2d 594, 595 (6th Cir. 1964) (per curiam). The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-6 (6th Cir. 1993). After carefully considering the circumstances in this case, the Court concludes that the appointment of an attorney is not warranted. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) ("We take judicial notice of the fact that courts within this circuit, absent extraordinary circumstances, do not appoint lawyers.").

Accordingly, Petitioner's motion to appoint counsel [Doc. 118] shall be **DENIED**.

---

[3] Jurisdiction of Petitioner's three-year term of supervised release was transferred to the Central District of Illinois on August 18, 2017 [Doc. 116]. Although Petitioner has been released from the custody of the Bureau of Prisons, not all claims in his 2255 Motion are moot because he is currently serving a term of supervised release. *See, e.g., United States v. Hinson,* 2015 WL 5712767 at *4 (E.D. Tenn. Sept. 29, 2015) ("As a general matter, the Court finds that Hinson's § 2255 motion is not moot even though he has been released from the physical custody of BOP. Hinson is still 'in custody' for purposes of § 2255 because he is serving a term of supervised release."). The Court previously instructed Petitioner to identify each of the claims set forth in his 2255 Motion, if any, that he wished to pursue and to explain why any such claim was not moot [Doc. 117]. In response, Petitioner filed a motion in which he said he wished to be appointed an attorney and pursue all of his claims, but he failed to address whether any of his claims were now moot [Doc. 118].

### B. 2255 Motion

#### 1. Ineffective Assistance of Counsel

Petitioner claims ineffective assistance of counsel because his attorney did not timely file a motion to compel and a motion to suppress. In addition, Petitioner claims counsel failed to hire an independent expert to test and weigh the cocaine.

Additional background is necessary to understand Petitioner's arguments. Petitioner was arraigned and appointed counsel on February 21, 2013 [Doc. 12]. The Court's scheduling order set April 1, 2013 as the deadline for filing pre-trial motions and April 22, 2013 as the trial date [Doc. 16]. On March 25, 2013, Petitioner moved to continue the motion deadline and trial, indicating more time was needed to investigate and that he was awaiting additional discovery from the government [Doc. 22]. The Court extended the motion deadline to May 13, 2013 and rescheduled the trial for June 3, 2013 [Doc. 28].

On May 9, 2013, Petitioner filed a second motion to continue the deadlines [Doc. 33]. The Court denied the second motion on May 20, 2013 [Doc. 34]. The next day, May 21, 2013—two days before the scheduled final pre-trial conference—Petitioner filed a motion to compel the government to provide him with the laboratory report and photographs of the traffic stop [Doc. 36]. The government provided the requested photographs the day the motion was filed and provided the laboratory results two days later, which was as soon as they became available and about an hour before the final pretrial conference [*see* Doc. 83 at page 4 & 22].

In addition to the motion to compel, Petitioner filed a motion to suppress all evidence obtained during the traffic stop, arguing the initial stop, the duration of the stop, and his pat-down were all unconstitutional [Docs. 37 & 38]. While the Court denied the request to delay the trial and allow more time for filing pre-trial motions, the Court nonetheless agreed to allow Petitioner

8

to litigate his belated suppression motion during the trial [Doc. 83 at pages 5–16, 20–21]. The Court explained that the suppression arguments would rely upon testimony that would likely be presented at trial anyway, and that the Court would excuse the jury to entertain any additional testimony or arguments related to the suppression motion [*id*.]. The Court also noted that a video of the traffic stop and other discovery materials had been provided to the defense in February 2013, and the more recently disclosed photographs and lab report—that only confirmed the drugs were cocaine and the quantity—did not contain new or surprising information [*id.* at pages 22–25]. Because Petitioner was not charged with a threshold drug quantity triggering a statutory mandatory minimum sentence, the Court held the drug quantity was not "necessary information for the jury or for the defendants to counter at trial," since the drug quantity could be determined at sentencing [*id.* at page 26].

During the final pretrial conference, after the government acknowledged Petitioner might reasonably want to know the drug quantity to evaluate a plea offer and might want to have an opportunity to enter a plea agreement after litigating a suppression motion [*id.* at 26-27], the Court noted that the initial report alerted Petitioner to the approximate weight of the drugs seized, and identified those drugs as cocaine and expressed doubt that a "constitutional right to plea bargain" exists [*id.* at 27]. Thereafter, Petitioner asked the Court to reconsider its denial of the motion to continue trial, because he wanted "every opportunity to challenge the evidence" [*id.* at 24; *accord id.* at 27–28]. The Court remained unpersuaded [*id.* at 28].

Eight days later, *i.e.*, three days before trial was scheduled to begin, Petitioner filed a notice of his intent to plead guilty pursuant to a plea agreement negotiated with the United States [Doc. 53]. He later pleaded guilty to one count of the indictment in exchange for the government

9

dismissing the other count and agreeing to move for the third level for acceptance of responsibility [Doc. 61].

Petitioner appealed his conviction, arguing the Court erred by denying his motion to continue the trial [Doc. 78]. The Court of Appeals for the Sixth Circuit dismissed the appeal, finding Petitioner had failed to expressly preserve his right to challenge any pre-plea issues, either in his written plea agreement or at his guilty-plea hearing [Doc. 85]. The Court of Appeals noted Petitioner did not argue that his guilty plea was not made knowingly or voluntarily. In summary, the Court of Appeals held Petitioner waived his right to challenge the Court's pre-plea denial of his motions to continue and for an extension of time [*id*.]. On November 18, 2014, the Supreme Court denied certiorari, and the 2255 Motion was timely filed.

Petitioner now argues his counsel was ineffective for failing to file motions to compel and suppress. In the context of his guilty plea, Petitioner must show that, but for counsel's deficiency, he would not have entered the guilty plea. *See Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996).

As argued by the government, Petitioner has not established, or even asserted, that had his counsel timely filed a motion to suppress, he would not have pled guilty. Petitioner's argument also ignores that the Court agreed to afford the defense an opportunity to be heard on the arguments raised in the motion to suppress if they became relevant at trial. This course of action allowed for relief to be granted in the event the Court concluded any evidence was obtained illegally, and thus subject to suppression. Moreover, a failure to bring a suppression motion that is unlikely to succeed does not constitute ineffective assistance of counsel. *See Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007) (citing *United States v. Tisdale*, 195 F.3d 70, 73–74 (2d Cir. 1999)); *see also Howard v. Bouchard*, 405 F.3d 459, 481 (6th Cir. 2005) ("Howard cannot establish prejudice

under *Strickland*, because he cannot show that a motion to exclude Chorney's and Carter's identifications would have succeeded."). Petitioner in this case has not shown a motion to suppress would have succeeded. Indeed, when faced with the choice of proceeding to trial with the Court's agreement that the suppression issue would be heard at trial outside the presence of the jury, he chose to forego that opportunity and decided to plead guilty without reservation pursuant to a late-filed plea agreement, which was accepted by the Court

With respect to the motion to compel, the record establishes that Petitioner received the photographs and lab results mentioned in his motion to compel prior to the final pretrial conference. He has shown no prejudice resulting from any failure by counsel to file the motion sooner. Petitioner argues counsel's failure to timely file motions to compel denied him the opportunity to have an independent expert chemist conduct an analysis of the substance or to hold a *Daubert* hearing. These arguments fail to satisfy the prejudice showing required for ineffective assistance claims based on counsel's failure to call a witness or hire an expert. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (collecting cases and rejecting uncalled-expert-witness claim where petitioner failed to present evidence of what a scientific expert would have stated). Petitioner never explains how an independent expert or *Daubert* hearing could have refuted the overwhelming evidence of the weight of the cocaine—alerted on in a canine sniff, tested by a laboratory, and admitted by Petitioner—or would have determined it to be something other than what the lab report showed and Petitioner admitted. Thus, his claims fail. *See e.g., United States v. Stegawski*, 687 F. App'x 509, 514 (6th Cir. 2017), *cert. denied,* 138 S. Ct. 282 (Oct. 2, 2017).

Furthermore, Petitioner has offered no basis on which to conclude his counsel's failure to obtain an expert to challenge the lab results was in any way unreasonable. *See e.g., United States*

*v. Valencia,* 188 F. App'x 395, 400 (6th Cir. 2006). As in *Valencia*, Petitioner has done nothing more than assert that his trial counsel should have had the seized drugs independently tested—presumably for weight and purity. In *Valencia*, the Sixth Circuit Court of Appeals held that the petitioner in a habeas case was required to "provide some evidence that trial counsel's decision not to have the drugs tested was unreasonable." *Id*. Further, the Court of Appeals stated that the defendant's "speculative assertions" regarding the evidence were insufficient, the defendant failed to provide any "insight into trial counsel's actual choice not to independently analyze the drugs . . . [and] has failed to offer any basis on which to conclude the trial counsel's failure to test the drugs was unreasonable." *Id*. As indicated in *Strickland*, counsel's duty to investigate a case is not limitless.

Petitioner's chain-of-custody arguments provide no basis for § 2255 relief because such evidentiary issues affect the reliability of evidence and are properly presented to and resolved by the jury, not through suppression. *United States v. Levy,* 904 F.2d 1026, 1030 (6th Cir. 1990); *United States v. Lewis*, 363 F. App'x 382, 390 (6th Cir. 2010). "Gaps in the chain of custody affect the weight of the evidence not the admissibility of the evidence." *United States v. Kinnard*, 968 F.2d 1216 (6th Cir. 1992). *See also United States v. Allen,* 106 F.3d 695, 700 (6th Cir. 1997).

It is also unexplained how any earlier disclosure would have altered the proceedings in any meaningful way. Petitioner, being present, was in the best position to know exactly what happened. *See, e.g.*, *United States v. Socolovitch*, 340 F. App'x 291, 296 (6th Cir. 2009) ("Although the government was in the best position to know the *provable* amount of loss, Socolovitch was in the best position to know the *actual* amount of loss . . . Socolovitch would not have entered into the plea agreement if he did not *know* that the actual amount of loss exceeded

$70,000.") (emphasis in original). Petitioner agreed in open court with the factual basis presented in the Plea Agreement.

Because Petitioner has failed to show counsel's action or inaction caused him any prejudice, his ineffective assistance of counsel claims fail. *See Strickland*, 466 U.S. at 687.

### 2. Sentence Reduction

Petitioner's argument that he is eligible for a reduced sentence pursuant to Amendment 782 is moot. He has already received the requested reduction.

### 3. Evidentiary Hearing

As previously noted, an evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo*, 178 F.3d at 782). The Court finds that, for the reasons articulated above, Petitioner is not entitled to an evidentiary hearing because all of his claims either are contradicted by the record or consist merely of conclusory statements devoid of supporting facts.

Accordingly, Petitioner's 2255 Motion [Doc. 91] shall be **DENIED**.

## IV. CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could

not find the assessment of his claims debatable, and the issues presented are not adequate to deserve encouragement to proceed further, a certificate of appealability **SHALL NOT ISSUE**.

## V. CONCLUSION

For the reasons discussed, a hearing is unnecessary and Petitioner's 2255 Motion [Doc. 91] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**